IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANKIE CHARLES JEFFREY                                                    PLAINTIFF

v.                         Civil No. 06-2156

FORT SMITH POLICE DEPARTMENT
AGENTS ONE AND TWO;
PAUL SMITH, Detective, Fort
Smith Police Department;
STEPHEN TABOR, Prosecuting
Attorney, Sebastian County, Arkansas;
JOHN JOPLIN, Public Defender's
Office; SEBASTIAN COUNTY
DETENTION CENTER; and
JAMES MARSCHEWSKI, Judge,
Sebastian County Circuit Court                                             DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Frankie Charles Jeffrey, filed this civil rights action on August 30, 2006. He proceeds pro se and in forma pauperis. The case is before the undersigned for a determination of whether service of process should issue.

**BACKGROUND**

Jeffrey contends his constitutional rights are being violated in a number of ways in connection with his prosecution on criminal charges. Jeffrey was arrested by Detective Paul Smith on April 20, 2006. Jeffrey maintains the arrest occurred after an illegal search warrant was obtained from Judge Marschewski for the search of Jeffrey's relative's house.

Jeffrey indicates he heard the raid going down over the phone. He was asked by his niece to come and get the children. When Jeffrey got there, he states he was arrested. Jeffrey was charged with possession of methamphetamine with intent to distribute, possession of cocaine

-1-

with intent to distribute, possession of marijuana with intent to distribute, maintaining a house for drugs, possession of drug paraphernalia, and the illegal possession of firearms. Jeffrey maintains he has been falsely accused and falsely imprisoned.

Jeffrey is incarcerated at the Sebastian County Detention Center. He also maintains he is not being provided proper medical care. He indicates his health is failing rapidly.

## DISCUSSION

A number of Jeffrey's claims are subject to dismissal. First, Stephen Tabor, a prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Tabor is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Jeffrey's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged

AO72A
(Rev. 8/82)

to be illegal will recur. Jeffrey can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, the claim against John Joplin, a public defender, is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Third, James Marschewski, a Sebastian County Circuit Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

AO72A
(Rev. 8/82)

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, §1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Jeffrey does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Jeffrey seeks injunctive relief his claims are subject to dismissal.

AO72A
(Rev. 8/82)

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Fourth, to the extent Jeffrey intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

Fifth, to the extent Jeffrey challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted). *See also Roman-Nose v. N.M. Dep't of Human Services*,

AO72A
(Rev. 8/82)

967 F.2d 435, 437 (10th Cir. 1992)(Federal courts do not have subject matter jurisdiction over § 1983 claims that effectively seek review of state court child custody determinations).

Finally, Jeffrey's claims that he has been falsely arrested, improperly charged, and falsely incarcerated are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113.

AO72A
(Rev. 8/82)

Clearly, *Heck* bars Jeffrey's false imprisonment claims. To the extent *Heck* would not bar Jeffrey's claims stemming from the currently pending charges, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Jeffrey indicates the criminal charges are currently pending. To allow Jeffrey's claims to proceed at this point would require this court to interfere in ongoing state criminal proceedings, and this court will not do so absent extraordinary circumstances. No such circumstances exist here and abstention as to these claims are appropriate.

## **CONCLUSION**

I therefore recommend dismissal of all claims against the following individuals on the grounds the claims are frivolous, are asserted against individuals immune from suit, or are not cognizable under § 1983: (1) Fort Smith Police Department Agents One and Two; (2) Paul Smith; (3) Steve Tabor; (4) John Joplin; and (5) James Marschewski. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at

AO72A
(Rev. 8/82)

any time). To the extent the claims stemming from the currently pending charges are not barred by *Heck*, abstention under *Younger* is appropriate.

We note that this leaves for later resolution Jeffrey's claims that he is being denied adequate medical care.

**Jeffrey has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Jeffrey is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2006.

/s/ Beverly Stites Jones<br>
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)